IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

TAMMY McNEIL, on behalf of herself
and all others similarly situated,

Plaintiffs,

v.

Civil Action No. 4:15cv81

FANEUIL, INC.,

Defendant.

**OPINION & ORDER**

This action is before the Court on Plaintiffs' Motion and Memorandum for the Award of Attorney's Fees, Expenses, and Costs ("Motion"). Doc. 178. Plaintiffs filed the Motion on May 26, 2017. Id. Defendant responded in opposition on May 31, 2017. Doc. 190.

On June 8, 2017, the Court ordered that this case be referred to a United States Magistrate Judge for a report of proposed findings and recommendations as to the appropriate award of attorney's fees. Doc. 192. The Magistrate Judge ordered additional briefing, Doc. 193, and subsequently held a hearing on the Motion on July 24, 2017, Doc. 201. On November 8, 2017, the Magistrate Judge issued a Report and Recommendation ("R&R") regarding the Motion. Doc. 208. The R&R recommends that the Court GRANT the Motion IN PART, allowing Plaintiffs total attorney's fees and costs in the amount of $696,064. See Doc. 208 at 26.

On November 22, 2017, both Parties filed Objections to the R&R. See Docs. 210, 211. The Court held a hearing on the Parties' objections on March 14, 2018. For the reasons stated

1

herein and on the record, the Court **OVERRULES** Plaintiffs' and Defendant's objections, and **ADOPTS** the findings and recommendations of the R&R in their entirety.

## I. BACKGROUND

### A. Factual Background

This is a collective action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. The named Plaintiff, Tammy McNeil ("McNeil") filed an Amended Complaint on November 18, 2015, individually and on behalf of other similarly situated employees (collectively, "Plaintiffs"), against Defendant Faneuil, Inc. ("Defendant"). Doc. 24 ("Compl."). Defendant is a Delaware corporation with its principal office in Hampton, VA, and "employs thousands of individuals nationwide who work handling telephone calls on behalf of [its] clients." Compl. ¶ 8.

Plaintiffs alleged that Defendant's call center employees were not compensated for time worked at the beginning and end of their shifts and meal breaks, in violation of the FLSA. Id. ¶¶ 2, 30, 40, 51–55. This was allegedly due to several time-keeping policies, such as a policy that rounded employees' time to the nearest quarter hour. Id. ¶ 15. Call center workers were prohibited from clocking in more than five minutes prior to the scheduled start of their shift and were also punished for clocking in late. Id. ¶¶ 16–17. Plaintiffs alleged that these policies disproportionately favored Defendant at the expense of its employees and resulted in wage compensation for less than the actual time worked. Id. ¶ 17.

Upon the Court's conditional certification of a nationwide class, over one thousand (1,000) individuals opted into this case. Doc. 195 at 2, 4. Plaintiffs are represented by attorneys from four (4) law firms: Christian L. Connell, P.C., Yezbak Law Offices, Barrett Johnston Martin & Garrison, LLC, and Mays & Kerr LLC.

B.  **Procedural Background**

Plaintiffs filed their initial Complaint on July 31, 2015, Doc. 1, and moved for conditional class certification on October 14, 2015, Doc. 14. Defendant moved to dismiss the Complaint on November 6, 2015, Doc. 20, and Plaintiffs filed an Amended Complaint on November 18, 2015. Doc. 24. Defendant moved to dismiss the Amended Complaint on December 14, 2015. Doc. 36. On March 1, 2016, the Court held a hearing on the Motion for Conditional Class Certification and the Motion to Dismiss. Doc. 54. The Court denied the Motion to Dismiss and granted Plaintiffs' request for conditional certification, only as to employees in Virginia. Docs. 55, 56. After additional discovery on the certification issue, Plaintiffs again moved for conditional certification of a nationwide class, Doc. 85, which the Court granted, Doc. 105.

The Parties filed a variety of discovery motions between August of 2016 and April of 2017, and Plaintiffs filed a Motion for Partial Summary Judgment on April 7, 2017. Doc. 158. Before the summary judgment motion was fully briefed, the Parties notified the Court that they had reached a settlement and wished to schedule a settlement approval hearing. Doc. 165. At the settlement approval hearing on May 10, 2017, the Court found that the case had not settled and ordered the Parties to engage in a settlement conference with Magistrate Judge Miller. Docs. 171, 173.

On May 26, 2017, Plaintiffs filed the instant Motion for attorney's fees, expenses, and costs. Doc. 178. At the settlement conference with Judge Miller on June 6, 2017, the Parties "reached an agreement on all of the matters set for trial, except that they reserved the issue of determining reasonable attorneys' fees to this Court." Doc. 192 at 1. Specifically, the Parties agreed that Defendant will pay $285,000 "in full settlement of [Plaintiffs'] claims for wages,

3

liquidated damages, and service payments to class members," and that Plaintiffs constitute a prevailing party under the FLSA. Doc. 194, Ex. 1 at 1.

On June 8, 2017, the case was referred to the Magistrate Judge for a R&R regarding the Parties' Joint Motion for Settlement Approval, Doc. 194, and the instant Motion, Doc. 178. Doc. 192. The Magistrate Judge held a hearing on both Motions on July 24, 2017. On September 25, 2017, the Magistrate Judge issued a R&R recommending that the settlement be approved, Doc. 207, which the Court adopted, Doc. 212. On November 8, 2017, the Magistrate Judge issued a R&R regarding the instant Motion. Doc. 208. Both Parties filed Objections to the R&R on November 22, 2017. Docs. 210, 211. Both Parties filed Responses to each other's Objections on December 6, 2017. Docs. 213, 214.

## II. LEGAL STANDARDS

### A. Review of Magistrate Judge's Recommendation

If objections to a Magistrate Judge's report and recommendation are timely filed, the District Judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. The District Judge "may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id.

### B. Fees and Costs Under the FLSA

In an FLSA action, a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). "The payment of attorney's fees to employees prevailing in FLSA cases is mandatory." Burnley v. Short, 730 F.2d 136, 141 (4th Cir. 1984). Plaintiffs are

4

considered to have prevailed for the purpose of awarding attorneys' fees "if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Farrar v. Hobby, 506 U.S. 103, 109 (1992).

In calculating an attorneys' fee award, the Court must first determine the "lodestar" amount, which is a "reasonable hourly rate multiplied by hours reasonably expended." Grissom v. The Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008). To assess the reasonableness of both the rate and amount of hours expended, the Court considers and weighs the twelve factors identified in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974), as adopted by Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978). The Johnson factors include:

1. The time and labor required;
2. The novelty and difficulty of the questions raised;
3. The skill required to properly perform the legal services rendered;
4. The preclusion of other employment by the attorney due to acceptance of the case;
5. The customary fee;
6. Whether the fee is fixed or contingent;
7. Time limitations imposed by the client or the circumstances;
8. The amount involved and the results obtained;
9. The experience, reputation, and ability of the attorneys;
10. The undesirability of the case;
11. The nature and length of the professional relationship with the client; and
12. Awards in similar cases.

Barber, 577 F.2d at 226 n.28; Daly v. Hill, 790 F.2d 1071, 1075 n.2 (4th Cir. 1986).

After calculating the lodestar and applying the Johnson factors, the Court subtracts fees for unsuccessful claims and awards a percentage based on the result achieved for the plaintiff. Grissom, 549 F.3d at 321. The Court does this, while keeping in mind that "even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith . . . the most critical factor is the degree of success obtained." Hensley v. Eckerhart, 461 U.S. 424, 436 (1983).

5

## III. ANALYSIS

### A. Magistrate Judge's Report and Recommendation

In their Motion, Plaintiffs initially demanded fees in the amount of $939,336.25. Doc. 209 ("R&R") at 8. This demand represents a proposed blended hourly rate of $341.81 for 2,748.11 hours expended. See id. at 12, 15. After Defendant objected, Plaintiffs reduced their fee demand to $870,651.25. See Doc. 196 at 2–3.

In his R&R, the Magistrate Judge first determined a reasonable rate, considering the relevant Johnson factors. See R&R at 9–15. The Magistrate Judge noted that the legal issues in the case were not particularly complicated, but that managing the case—with over 1,000 plaintiffs—was a complex task requiring skill. Id. at 9–10. However, when considering the customary hourly rate of compensation charged to clients for similar work, as well as hourly fee awards in similar cases, the Magistrate Judge ultimately found that Plaintiffs' proposed rates were too high. In making this determination, the Magistrate Judge noted that the declarations offered by Plaintiffs provide only weak support for the reasonableness of their rates. Id. at 11–12. For example, he noted that one declarant, Mr. Butler, charges lower rates than at least two (2) of Plaintiffs' attorneys who have significantly less experience than Mr. Butler. Id. at 11. And when reviewing the fees awarded in similar cases, the Magistrate Judge noted that most involved much lower blended hourly rates than that requested by Plaintiff. See id. at 12–13. After considering these and other factors, the Magistrate Judge determined that a blended rate of $290 per hour was reasonable. See id. at 15.

The Magistrate Judge next determined the number of hours that were reasonably expended. See id. at 15–19. He noted that Plaintiffs are required to submit evidence "supporting the hours worked" and the exercise of "billing judgment" that establishes that the hours

6

expended were reasonable. Id. at 15 (quoting Hyatt v. Barnhart, 315 F.3d 239, 253 (4th Cir. 2002)). The Magistrate Judge found that Plaintiffs had inappropriately billed many clerical tasks, which were too numerous for the Court to treat on an individual basis. Id. at 16. He also noted Plaintiffs' frequent use of block billing, which "makes it impossible for the Court to determine the time spent on any one task, which is especially problematic considering that some of these charges contain clerical tasks." Id. at 17. Further, the Magistrate Judge found that Plaintiffs provided insufficient billing record specificity, as well as inconsistent billing record entries. See id. at 17–18. For these reasons, the Magistrate Judge found that a reduction to Plaintiffs' claimed billable hours is appropriate. Id. at 19. He recommended that the Court reduce the billable hours by ten (10) percent, to 2,473.30 hours. Multiplying these reasonable hours by the recommended reasonable rate of $290 yields a lodestar amount of $717,257.

Finally, the Magistrate Judge adjusted the lodestar amount based on Plaintiffs' degree of success in the case. See id. at 20–23. The Magistrate Judge noted that Plaintiffs prevailed on several motions and ultimately obtained a settlement amount of $285,000. Id. at 21–22. He compared this ultimate settlement figure to the amount of recovery sought, which according to Plaintiffs' expert's calculations could amount to as much as $1,696,060.66. Id. at 22. Based on this comparison, the Magistrate Judge determined that some reduction of the fee award was appropriate. The Magistrate Judge recommended that the Court adjust the fee award downward by ten (10) percent, to account for the degree of success achieved by Plaintiffs. See id. at 22–23. Thus, the Magistrate Judge recommended a total fee award of $645,531.04. Id. at 23.

The R&R also recommends that the Court award $50,532.96 in costs.

B.     **Plaintiffs' Objections**

Plaintiffs raise two (2) objections to the R&R. See Doc. 210. First, Plaintiffs object to the R&R's finding and recommendation that the fee award should be reduced because of the degree of success achieved by Plaintiffs. Id. at 1. Second, Plaintiffs object to the R&R's finding and recommendation that Plaintiffs' requested rates were not reasonable. Id.

*1.     Degree of Success*

Plaintiffs argue that the Magistrate Judge erred in comparing the settlement amount to the amount demanded in the Amended Complaint, when considering Plaintiffs' relative degree of success in this case. See id. at 2–5. Plaintiffs argue that the recovery requested in the Amended Complaint was just an estimate, made before "the case progressed into discovery and hundreds of new plaintiffs opted into the litigation," at which point "Plaintiffs obtained a clearer picture of the facts of the case as they related to the Named Plaintiff and the 10 initial opt-in plaintiffs and, for the first time, obtained and analyzed evidence concerning the claims of the new plaintiffs who joined the case during the notice period." Id. at 2–3.

Although the Court accepts that certain claims, particularly FLSA claims, are difficult to quantify at the time a complaint is filed, Plaintiffs' argument on this point is incomplete. Plaintiffs "do not object to the Magistrate Judge considering degree of success as a factor in the reasonableness of the fee award." Id. at 2. However, Plaintiffs also do not offer any alternative comparison points for the degree-of-success analysis. The Court must somehow evaluate the degree of success of the Plaintiffs when determining a reasonable fee award, and the Fourth Circuit has instructed courts to do so by "compar[ing] the amount of the damages sought to the amount awarded." Mercer v. Duke Univ., 401 F.3d 199, 204 (4th Cir. 2005). This is precisely what the Magistrate Judge did in the R&R, in addition to accounting for the fact that Plaintiffs

prevailed on multiple contested issues throughout the litigation. The Court therefore **OVERRULES** Plaintiffs' objection to the degree-of-success reduction.

### 2. *Reasonable Rates*

Plaintiffs further argue that the Magistrate Judge "erred by failing to consider the hourly rates Defendant paid to one of its own labor and employment attorneys to determine reasonable hourly rates for work performed by counsel in this case." Doc. 210 at 5. Plaintiffs have no general objection to the manner in which the Magistrate Judge conducted his analysis under the Johnson factors. Id. at 6. Plaintiffs only object to the Magistrate Judge's alleged failure "to consider Plaintiffs' evidence that [Defendant] paid its own outside lawyer, Sara Rafal, a Norfolk-based partner at Williams Mullen, about $450 per hour for her work on employment-related matters." Id. Plaintiffs argue that Ms. Rafal's hourly rate "bolsters" two pieces of evidence Plaintiffs offered in support of their Motion: a declaration from Mr. Butler attesting to the reasonableness of Plaintiffs' rates, and a 2013 letter from Williams Mullen to Defendant which set out ranges of hourly rates that firm was charging. See id. at 6–7.

In the R&R, the Magistrate Judge found that the 2013 letter from Williams Mullen to Defendant showing the range of rates charged to Defendant was entitled to little weight. See R&R at 13. The reason for this finding was, in large part, that many other factors affecting those rates—and also affecting the reasonability analysis—could not be determined from the letter. Id. These factors included the geographical market as well as the type of work being charged. Id. The excerpts Plaintiffs offer from Ms. Rafal's deposition suffer from the same shortcomings. See Doc. 196, Ex. 1. In the cited passages, Ms. Rafal gives only an estimate of her hourly rate, and she does not specify a market, client, or type of work associated with that rate. The Court **FINDS** that the Magistrate Judge properly disregarded Ms. Rafal's hourly rate, because that rate

9

is of limited, if any, evidentiary value. Therefore, the Court **OVERRULES** Plaintiffs' objection to the R&R's finding of a reasonable rate.

C.  **Defendant's Objection**

Defendant makes one (1) objection to the R&R. See Doc. 211. Defendant argues that the Magistrate Judge erred in reducing the lodestar by only ten (10) percent after performing the degree of success analysis. Id. at 1. Defendant asks the Court to reduce the lodestar by fifty (50) percent instead, to reflect Plaintiffs' limited recovery in this case. Id. at 8.

In support of its objection, Defendant protests that the Magistrate Judge "erred by relying on plaintiffs' inaccurate representation of the number of minutes of allegedly unpaid time they are recovering, and also by inferring that Faneuil changed business practices as a result of the litigation." Id. at 2. Defendant argues that the settlement reflected a recovery of damages for only 2.1 minutes per plaintiff per day, as opposed to the 7.5 minutes estimated by Plaintiffs. Id. at 3. Compared to the allegations in the complaint, which according to Defendant work out to twenty to twenty-five (20-25) minutes of lost time per plaintiff per day, Defendant argues that the settlement represents only a ten (10) percent recovery rate. Id. at 6.

Looking at the comparison another way, Defendant also argues that the Magistrate Judge erred by comparing the amount of damages Plaintiff originally sought to the full $285,000 settlement amount. Id. Defendant argues that there needs to be an "apples-to-apples comparison" of the amount sought versus the amount received. Id. According to Defendant, the Court can either compare "the total settlement amount of $285,000 to the total amount Plaintiffs claimed they were owed in their Complaint and in their expert report, or instead compare[] the damages-only amount of the settlement against the damages-only amount Plaintiffs initially claimed." Id. (emphasis in original). Under either of these comparisons, Defendant asserts

Plaintiffs' recovery rate is seventeen (17) percent. Id. Accordingly, Defendant argues that a much greater reduction is warranted than the ten (10) percent recommended in the R&R.

Preliminarily, the Court notes that one of the primary reasons Plaintiffs' attorneys' fees are so high is that Defendant fought—and forced Plaintiffs to fight—every issue in this case. Defendant cannot fight the case to its last breath, and then complain that the attorneys' fees are disproportionate to the amount recovered. Additionally, Defendant lost nearly every issue that it fought, supporting the R&R's finding that Plaintiff had a high overall degree of success.

But turning to Defendant's technical objection to the Magistrate Judge's degree-of-success analysis, it appears to the Court that Defendant either misunderstands or misrepresents the Magistrate Judge's analysis on this point. In the relevant portion of the R&R, the Magistrate Judge states, "There is a substantial difference between the $1,696,060.66 plaintiffs believed they were entitled to and the $285,000.00 they received in the settlement that the Court must take into account." Doc. 208 at 22. In the sentence just before that one, the Magistrate Judge writes:

> Based on the allegations in the amended complaint, plaintiffs' expert calculated that the plaintiffs were owed up to $848,030.33 <u>for uncompensated overtime hours,</u> and that the <u>total amount of damages</u> would be as much as $1,696,060.66 <u>with the inclusion of liquidated damages</u>.

Id. (emphasis added). Thus, the Magistrate Judge compared the <u>total</u> amount demanded in the complaint to the <u>total</u> amount of the settlement, in other words, the apples-to-apples comparison that Defendant insists is required in the degree-of-success analysis.

Moreover, Defendant's emphasis on the number of minutes that the settlement agreement represents is misplaced. There is no indication in the R&R that the Magistrate Judge relied upon or even accepted Plaintiffs' estimate instead of Defendant's. The R&R reports Plaintiffs' estimate and notes that the 7.5 minute figure differs significantly from the number in the amended complaint. Doc. 208 at 22. However, the R&R then goes on to base its

recommendation to reduce Plaintiffs' fee award on the discrepancy between the amount demanded in the amended complaint and the amount ultimately obtained in the settlement. See id. That the Magistrate Judge did not rely on either Party's minutes estimate is even clearer when one considers that he did not assign a specific number of minutes to the amended complaint for comparison purposes. In other words, if the Magistrate Judge actually had relied on Plaintiffs' 7.5-minute estimate for the degree-of-success analysis, one would expect that he would have come up with a minute estimate from the complaint to which to compare. Instead, the R&R simply says on this point:

> [Plaintiff's estimate] differs significantly from the number in the amended complaint, which alleged 10 to 15 minutes before the start of each shift, several minutes at the beginning of meal breaks, two to five minutes at the end of meal breaks, and several minutes at the end of each shift.

Id.

Finally, there is no evidence that the Magistrate Judge "accept[ed] Plaintiffs' unsubstantiated contention that [Defendant] changed its rounding policy as a result of this litigation," nor that such contention was materially relevant to the degree-of-success analysis. See Doc. 211 at 7. The R&R includes exactly one (1) sentence regarding this contention: "Plaintiffs also indicate that Faneuil has also changed its rounding policy since this case was filed." Doc. 208 at 22. This sentence does not constitute an "acceptance" of Plaintiffs' contention, nor does it suggest that contention played a material role—or any role—in the Magistrate Judge's analysis. In fact, as explained above, the primary determining factor in the decision to reduce the lodestar amount by ten (10) percent apparently (and appropriately) was a comparison of Plaintiffs' sought and received damages. For all of these reasons, the Court **OVERRULES** Defendant's Objection to the R&R, Doc. 211.

## IV. CONCLUSION

For the reasons stated herein, the Court **OVERRULES** Plaintiffs' and Defendant's Objections, Docs. 210, 211. The Court **FINDS** that the R&R provides a thorough and well-reasoned analysis of Plaintiffs' Motion, and the Court therefore **ADOPTS** the Report and Recommendation of the Magistrate Judge, Doc. 208, in full. Accordingly, the Court **GRANTS** Plaintiffs' Motion, Doc. 178, **IN PART**, and **AWARDS** Plaintiffs attorneys' fees in the amount of $645,531.04 and costs in the amount of $50,532.96.

The Clerk is **REQUESTED** to deliver a copy of this Order to all counsel of record.

It is so **ORDERED**.

/s/
Henry Coke Morgan, Jr.
Senior United States District Judge
HENRY COKE MORGAN, JR.
SENIOR UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 20, 2018